UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05-71-R

JEFF SCOTT BELL                                                              PETITIONER

v.

GOVERNOR ERNIE FLETCHER, et al.                       RESPONDENTS

## MEMORANDUM OPINION

Petitioner, Jeff Scott Bell, *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. This matter is before the Court for preliminary review, pursuant to Rule 4, Rules Governing § 2254 Cases. *See* 28 U.S.C.A. foll. § 2254. The Court will dismiss the petition on the merits.[1]

Petitioner does not challenge his state conviction or imprisonment, *per se*. Rather, Petitioner contends his incarceration in the Lee Adjustment Center, a facility operated by a private, for-profit corporation, the Corrections Corporation of America, violates the Kentucky Constitution and statutes and, derivatively, the Federal Constitution. He seeks "release" from Lee Adjustment Center by way of a transfer to a state-run facility.

Petitioner relies primarily on state law to support his claim that he is unlawfully held. However, federal habeas relief is available for violations of federal, rather than state, law. § 2241 (Habeas corpus relief is not available unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States.").

It is of no federal concern whether the state or an agent of the state holds the body of

---

[1] Other petitions before the Court allege the same grounds for relief. Silverburg, 3:05CV224-S; Pritchard, 3:05CV223-S; Lewis, 3:05CV222-S; and Barth, 3:05CV325-R.

Petitioner, pursuant to a conviction, the merit of which is not questioned.  There is no federal right to be housed in a particular facility.  *Olim v. Wakinekona*, 461 U.S. 238, 246-46 (1983); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).  Because a private prison is an agent of the state, it does not illegally detain inmates who have been placed in its custody.  *Crabtree v. Pizer*, No. 99-5966, 2000 WL 1140714 (6th Cir. Aug. 7, 2000) (denying § 2241 relief to an inmate who sought habeas relief because he was held by a private custodian.).  The transfer of a prisoner from one institution to another does not implicate federal due process, as long as the conditions or degree of confinement is within the sentence imposed upon the inmate.  *Sandin v. Conner*, 515 U.S. 472 (1995); *Hewitt v. Helms*, 459 U.S. 460, 467 (1983).

The Court will now address Petitioner's right of appeal, under 28 U.S.C. § 2253.  This statute provides there is no right of appeal from a final order in a habeas corpus proceeding to the court of appeals unless "the judge issues a certificate of appealability."  § 2253(c)(1).  The judge may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If reasonable jurists could debate whether the merits should have been resolved differently, the petitioner satisfies the "substantial showing" standard.  *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983).

Because the Court is satisfied no jurists of reason would find debatable whether the petition fails to state a claim of unlawful custody under federal law, the Court will deny a certificate of appealability.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc: Petitioner, *pro se*

4413.007